**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ARMON BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-CV-1201-SMY |
| | ) | |
| AISIN MFG. ILLINOIS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Armon Bell filed this action under the Fair Labor Standard Act ("FLSA"), 29 U.S.C § 201, et seq., against Defendant Aisin MFG. Illinois, LLC.  Pending before the Court is Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 12).  Plaintiff responded in opposition (Doc. 17).  For the following reasons, Defendant's motion will be denied.

## BACKGROUND

Bell filed the instant collective and class action, individually and on behalf of all other similarly situated persons, alleging violations of the FLSA (Doc. 1).  He makes the following allegations in the Complaint: From August 2019 through May 2025, Bell was employed by Aisin MFG. Illinois, LLC.  Bell and all putative class members are non-exempted[1], hourly employees of Aisin.  Bell's most recent hourly rate was $23.45 (*Id*.).

In addition to base pay, Bell also received non-discretionary pay, including bonus pay. Aisin failed to pay the proper overtime rate for certain non-discretionary bonuses because the bonuses were not included in the "regular rate" for the purposes of determining the appropriate overtime rate.

---

[1] "Non-exempt" refers to employees who are not exempt from the protections of the FLSA, working in positions entitled to be paid overtime compensation at a rate of 1.5 times their "regular pay" for work performed in excess of forty (40) hours per week.

## DISCUSSION

Aisin argues Bell has failed to state a viable cause of action under the FLSA by failing to allege with specificity regarding the bonus he received.  When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations in the Complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, the allegations must be "more than labels and conclusions."  *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008).

Rule 8 pleading requirements are satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

Liability for violating the FLSA exists if the plaintiff qualifies as an employee under the Act, does not fall into an exemption to the statute, and shows he was not properly compensated for work that his employer was aware of.  *Ingram v. Hagen*, 161 F.Supp.3d 639, 645 (S.D. Ill. 2015) (citing *Kellar v. Summit Seating, Inc.*, 664 F.3d 169, 173, 178 (7th Cir. 2011)).  Here, Bell specifically alleges his non-discretionary renumeration, including bonus pay from March 3–16, 2025 was not calculated at the overtime rate, despite working 79.50 hours during that pay period. See, *Walling v. Stone*, 131 F.2d 461, 464 (7th Cir. 1942) (Under the FLSA, when nondiscretionary

bonuses are part of the regular rate of pay, employees must receive "one and a half times" the regular bonus rate for overtime hours.).  Defendant contends, without any binding authority, that Plaintiff's claim fails because he did not specify what bonus and non-discretionary renumeration he was entitled to.  The Court disagrees.  At the pleading stage, Plaintiff has alleged sufficient facts to place Defendant on notice of the claim.

## CONCLUSION

For the foregoing reasons, Defendant's motions to dismiss (Docs. 12) is **DENIED**.

**IT IS SO ORDERED.**

**DATE: March 30, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**